IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| EMMITT REED JONES, #161334, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| | ) CASE NO. 1:10-CV-799-TMH |
| | ) [WO] |
| | ) |
| J. C. GILES, et al., | ) |
| | ) |
| Respondents. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

This case is before the court on an action styled as a "Petition for Writ of Habeas Corpus" filed by Emmitt Reed Jones ["Jones"], a state inmate.  In this petition, Jones seeks an order from this court directing the Circuit Court of Coffee County, Alabama to immediately adjudicate a pending first degree robbery charge on which a detainer lodged against him is based.

**II.  DISCUSSION**

**A.  Habeas Corpus Relief**

Jones does not challenge the constitutionality of his custody which is a requisite element for a federal habeas petition.  28 U.S.C. § 2254(a) (emphasis added) ("[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court *only on the ground that he is in custody*

*in violation of the Constitution or laws ... of the United States*.").  Consequently, Jones is not entitled to federal habeas relief and, to the extent he seeks habeas relief, this case is due to be dismissed.

### B.  Writ of Mandamus

Although Jones fails to meet the requirements for proceeding before this court on a habeas corpus application, the requested relief is in the nature of mandamus seeking an order from this court to compel action by a state court on a pending criminal charge.  To the extent that this action can be construed as a petition for writ of mandamus, Jones is nevertheless entitled to no relief from this court.

The All Writs Act provides "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a).  The Act's statutory language, "in aid of their respective jurisdictions, does not empower a district court to create jurisdiction where none exists." *Gehm v. New York Life Ins. Co.*, 992 F. Supp. 209, 211 (E.D.N.Y. 1998).  "To the contrary, a court may issue orders under the Act only to protect a previously and properly acquired jurisdiction." *Id.*  While the law is well settled that federal district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a specific duty, 28 U.S.C. § 1361, federal courts are without jurisdiction to issue writs compelling action by state courts and officials in the performance of their duties where

mandamus is the relief sought. *Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973); *Russell v. Knight*, 488 F.2d 96, 97 (5th Cir. 1973); *Davis v. Lansing,* 851 F.2d 72, 74 (2nd Cir. 1988); *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969). Thus, this court has no mandamus jurisdiction over the state courts and, hence, lacks authority to compel the action Jones requests. In light of the foregoing, the court concludes that this case, with respect to the mandamus action sought by Jones, provides no basis for relief at this time and is therefore due to be dismissed for lack of jurisdiction.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. To the extent Jones seeks habeas corpus relief, the instant application be DENIED.

2. To the extent Jones seeks issuance of a petition for writ of mandamus, this request be DENIED.

3. This case be DISMISSED for lack of jurisdiction.

It is further

ORDERED that on or before November 4, 2010 the parties may file objections to this Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 21st day of October, 2010.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE